|   |   |
|---|---|
| RONALD CARLOS DIAZ, SR., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al., <br><br> Defendants. | Case No.: 16CV2244 DMS (BGS) <br><br> **ORDER:** <br> **(1) GRANTING REQUEST FOR EXTENSION OF TIME** <br> **(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL** <br><br> [ECF No. 36, 38] |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Plaintiff Ronald Carlos Diaz, Sr. has filed a request for an extension of time to file a late Reply brief in support of his Motion to Amend and a Request for Appointment of Counsel. (ECF Nos. 36, 38.)

**I.  Request for Extension of Time**

In his Motion to Amend, Plaintiff seeks to add two Defendants previously dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  On February 23, 2017, the Court set a briefing schedule on the Motion to Amend.  (ECF No. 26.)  It required the filing of an Opposition by March 10, 2017 and allowed Plaintiff to file a Reply brief by March 17, 2017.  (*Id.*)

Plaintiff's request for an extension of time indicates that he did not timely file his Reply because he did not receive a copy of the Court's February 23, 2017 Order setting the briefing schedule on the Motion to Amend at the time it was issued. He also indicates that he was transferred to a different facility where he was without any of his legal materials for two weeks followed by limited law library access. (ECF No. 36.)

It is hard to determine whether Plaintiff has shown good cause for his delay because the request for an extension of time does not indicate when he received the Court's briefing schedule. Additionally, the Court notes that the Motion is sufficiently briefed without the optional Reply brief. However, given Plaintiff's incarceration, transfer to a different facility, and lack of access to his legal materials for a period of time, the Court **GRANTS** Plaintiff a brief extension to file his Reply in support of his Motion to Amend. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (explaining the courts should not insist upon strict time limits when "a pro se prisoner plaintiff's incarceration prevent[s] timely compliance with court deadlines."). However, given Plaintiff has been aware of the option to file a Reply for some time, the Court expects it will be filed promptly, on or before **June 19, 2017**. Additionally, the Court cautions Plaintiff that the Reply brief is limited to addressing only issues raised in the Opposition to his Motion to Amend.

## II. Appointment of Counsel

On April 24, 2017,[1] Plaintiff filed a request for appointment of counsel. (ECF No. 38.) He requests appointment of counsel because he is cannot afford to hire a lawyer, he has troubling understanding things, particularly legal materials, and his access to legal materials is limited. (*Id.* at 1.)

---

[1] The Request for Appointment of Counsel was docketed on a later date than it was submitted to the Court. Deficiencies in that filing required the Court to review it before docketing and, although the Court accepted it for filing an error in the process resulted in it being docketed later. (ECF No. 37.)

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *partially withdrawn on other grounds on reh'g en banc*, 154 F.3d 952, 954 n.1 (9th Cir. 1998); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court denies Plaintiff's request without prejudice because Plaintiff has not shown that exceptional circumstances warrant the appointment of counsel at this time. Plaintiff has not demonstrated a likelihood of success on the merits of his claims. Additionally, Plaintiff has thus far been able to articulate the basis for his claims, as the Court found that Plaintiff's Complaint contains allegations sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b) as to one of the defendants. (ECF No. 4.) Plaintiff has also been able to identify additional factual allegations he believes support his claims in his Motion to Amend to add two defendants and in explaining the basis for his claim against Defendant Dr. Sidighi in opposing Defendant Sidighi's Motion to Dismiss. (ECF No. 29.) Moreover, it does not appear that the legal issues presented by Plaintiff's claims are so complex that counsel is warranted at this stage of the proceedings. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of

3

further facts, practically all cases would involve complex legal issues."). Accordingly, Plaintiff's motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: June 5, 2017

_____
Hon. Bernard G. Skomal
United States Magistrate Judge