UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CARLOS DIAZ, SR.,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>Defendants. | Consolidated Civil Case No.: 16cv2244 DMS (BGS)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 52] |

On September 28, 2017, Defendant Dr. F. Sedighi ("Defendant") filed a Motion to Dismiss certain claims in Plaintiff Ronald Carlos Diaz, Sr.'s First Amended Complaint ("FAC"). (ECF 52 ("Motion").) On September 29, 2017 the Court set a briefing schedule on the Motion to Dismiss. (ECF No. 54.) Plaintiff has filed an Opposition (ECF No. 61 ("Opposition").) Defendant has filed a Reply. (ECF No. 62.) For the reasons set forth below, the Court recommends the Motion to Dismiss be **GRANTED**.

## DISCUSSION

Defendant's Motion to Dismiss does not seek dismissal of Plaintiff's Eighth Amendment Claim for deliberate indifference. (Mot. at 1 n.2.) Defendant only seeks dismissal of Plaintiff's newly added claims under the First, Fifth, and Fourteenth

Amendments and his state law claims. (Mot. at 1 (summarizing claims at issue).) Plaintiff's Opposition is largely focused on his Eighth Amendment claim, (Opp'n. at 1-3), presumably in the mistaken belief that Defendant was seeking dismissal of that claim again.[1] As to the claims at issue in the Motion,[2] Plaintiff agrees they should be dismissed. (Opp'n. at 3.) Plaintiff states "Plaintiff agrees that he made a mistake on adding the late state law claims and ask[s] the Court to just go ahead and VACATE THE MISTAKEN STATE LAW CLAIMS (AND) just go ahead and also VACATE PLAINTIFFS NEWLY ADDED FEDERAL CLAIMS under the First, Fifth, and Fourteenth Amendments." (Opp'n. at 3.) Because Plaintiff agrees that the claims Defendant moves to dismiss should be dismissed, the Motion to Dismiss should be **GRANTED**.

## CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Dana M. Sabraw. For the reasons outlined above, the undersigned **RECOMMENDS** the Motion to Dismiss be **GRANTED**.

---

[1] As to the other issues raised in the Opposition, those issues are not properly raised in Plaintiff's Opposition to the Motion to Dismiss. As noted above, Defendant did not move to dismiss the Eighth Amendment claim that Plaintiff discusses at length. Plaintiff's statements regarding Defendant's request to modify the Scheduling Order are not appropriately raised in an Opposition and are moot as the Court has denied Defendant's request to modify the Scheduling Order. If Plaintiff seeks to modify the Scheduling Order, he must file a separate motion, identify the specific dates he seeks to modify, and state why the date should be modified. Finally, Plaintiff questions whether the U.S. Marshal Service has served newly added Defendant Newton. This is not properly raised in response to a motion filed by a different defendant. However, the Court notes that the docket in this case reflects that when the summons was issued on the FAC, Plaintiff was sent a letter with instructions for completing service via the U.S. Marshal's Service. The docket does not currently contain any record of service of Dr. Newton.
[2] The Court cites the CM/ECF pagination for ease of reference.

1  IT IS HEREBY ORDERED that any party to this action may file written
2  objections with the Court and serve a copy on all parties no later than **November 17,**
3  **2017**.  The document should be captioned "Objections to Report and Recommendation."
4  IT IS FURTHER ORDERED that any Reply to the Objections shall be filed with
5  the Court and served on all parties no later than **November 28, 2017**.  The parties are
6  advised that failure to file objections within the specified time may waive the right to
7  raise those objections on appeal of the Court's Order.  *See Turner v. Duncan*, 158 F.3d
8  449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated:  November 2, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge